## FORM FOR USE IN APPLICATIONS

## FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

Norman Clark Gangi                    2005 AUG 16 A 8:42

Name

149515

Prison Number

Ventress Correctional Facility Dorm 11

PO Box 767, Clayton, Al 36016

Place of Confinement

United States District Court **Middle** _____ District of **Alabama**

Case No. **2:05 CV 786-T**

(To be supplied by Clerk of U. S. District Court)

Norman Clark Gangi _____ , PETITIONER

(Full Name)  (Include name under which you were convicted)

Warden Giles _____ , RESPONDENT

(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

**and**

THE ATTORNEY GENERAL OF THE STATE OF **Alabama** _____

_____ , ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered.  If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is</u>:

P.O. Box 711
Montgomery, Alabama 36101

_____

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack <u>St Clair Circuit Court , Pell City Division</u>
<u>1819 Cogswell Ave , Ste 217 , Pell City , Al 35125</u>

2. Date of judgment of conviction <u>April 20 1996</u>

3. Length of sentence <u>20 years</u> Sentencing Judge <u>Here ford</u>

4. Nature of offense or offenses for which you were convicted: _____
   _first degree sodomy_
   _Second degree Rape_
   _____

5. What was your plea?  (check one)
   (a) Not guilty  (✓)
   (b) Guilty  ( )
   (c) Nolo contendere  ( )
   If you entered a guilty plea to one count or indictment, and a not guilty
   plea to another count or indictment, give details: _____
   _____
   _____

6. Kind of trial:   (Check one) _Trial in absentia_
   (a) Jury  (✓)
   (b) Judge only  ( )

7. Did you testify at the trial?  Yes ( )    No (✓)

8. Did you appeal from the judgment of conviction?    Yes (✓)   No ( )

9. If you did appeal, answer the following:
   (a) Name of court _Ala Criminal Court of APPEALS_
   (b) Result _Attorney filed Notice of Appeal then Withdrew_
   (c) Date of result _Dismissed in Jan 1997 for failure to file brief_
   If you filed a second appeal or filed a petition for certeorari in the Supreme
   Court, give details: _Petitioner made oral notice of appeal_
   _Sept 2, 2002, upon Rendition of Sentence and Judge-_
   _ment. Then filed a written notice of appeal. It was_
   _Dismissed January, 2003 as untimely filed._

10. Other than a direct appeal from the judgment of conviction and sentence,
    have you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal?  Yes (✓)  No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court _St Clair Circuit Court (Pell City)_
        (2) Nature of proceeding _Notice of Error_
        (3) Grounds raised _That due to absentia, PSI_
        _WAS incorrect that defendant had Right_
        _to be Sentenced on correct information._
        _That trial Court should not have forwarded_
        _uncorrected PSI to A.D.O.C._
        (4) Did you receive an evidentiary hearing on your petition, application,
        or motion?  Yes ( )  No (✓)
        (5) Result _Although Clerk filed Motion, No_
        (6) Date of result _____ _hearing was granted_

(b) **As to any second petition, application or motion give the same information:**

(1) **Name of court** St Clair Circuit Court

(2) **Nature of proceeding** Motion for Records 2002

(3) **Grounds raised** Needed Records to proceed with post Conviction proceedures

(4) **Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )    No (✓)**

(5) **Result** None

(6) **Date of result**

(c) **As to any third petition, application or motion, give the same information:**

(1) **Name of Court** St Clair Circuit Court

(2) **Nature of proceeding** Motion for Records 2003, 2004, 2005

(3) **Grounds raised** Can not Proceed with post Conviction proceedures without Records

(4) **Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )    No (✓)**

(5) **Result** None

(6) **Date of result** None

(d) **Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:**

(1) **First petition, etc.**      Yes (✓)    No ( )

(2) **Second petition, etc.**    Yes (✓)    No ( )

(3) **Third petition, etc.**      Yes (✓)    No ( )

(e) **If you did _not_ appeal from the adverse action on any petition, application or motion, explain briefly why you did not:** My appeal was to the Alabama Criminal Court of Appeals.

My petitions for the Records also extended to the Clerk of the Ala. Criminal Court of Appeals. This Request was also for a Copy of the PSI and was Mailed Via Certified letter to Lane W. Mann, Clerk of the Criminal Court of Appeals, Ala (In 2005) Although the Clerk of St Clair sent a Select part of the Records; for all pratical purposes I have been Denied the Records for more then 25 years.

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully.  Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

> CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief.  If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them.  However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose.  Do not check any of the grounds listed below.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

**A. Ground one:** _See Attached_

Supporting FACTS  (tell your story <u>briefly</u> without citing cases or law):

**B. Ground two:** _See Attached_

Supporting FACTS  (tell your story <u>briefly</u> without citing cases or law):

**C. Ground three:** _See Attached_

Supporting FACTS  (tell your story <u>briefly</u> without citing cases or law):

D. **Ground four:** _See attached_

**Supporting FACTS** (tell your story <u>briefly</u> without citing cases or law): .

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: _Because I have been denied the records I do not know what grounds Attorney Gail Dickinson (on the first appeal) listed with the Appeals Court. I could not proceed with any post conviction remedy without the records. I have properly peti-tioned for the records sense the second sentence date after me arrest in 2002 Sept 2. Refusing to provide me with the Records has denied me (also) access to the Courts and has exhausted my State Remedies._

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?    Yes ( )   No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _Gail Dickinson 1605 S. Martin St, Pell City, Al. 35125_
    (b) At arraignment and plea _Same_
    (c) At trial _Same_
    (d) At sentencing _Same_
    (e) On appeal _Gail Dickinson filed (first) Notice of appeal and then failed to file brief._

(f) In any post-conviction proceeding ___None___

(g) On appeal from any adverse ruling in a post-conviction proceeding: ___
___None___
_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes (✓)    No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No (✓)

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____
_____

   (b) And give date and length of sentence to be served in the future: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )    No ( )

   Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on ___08/08/05___ .
(date)

_Norman Clark Gangl_
Signature of Petitioner

Norman Clark Gangl
149515 ; Dorm-11
Ventress Corr. Facility
PO Box 767
Clayton, Al, 36016

# Grounds for Relief

Ground One (1) Every proceeding; arrest,
indictment to post conviction has been
contaminated by a "fixed-view" of peti-
tioner's criminal History based on un-
true assumptions or constitutionally
prohibited information of fact:

(1)(a). The investigator had
a copy of petitioner's criminal record
in his files. They were incorrect.

(1)(b). It is reasonable to
assume that the Grand Jury reviewed
those incorrect criminal records of
petitioner because Alabama codes
allow a Grand Jury to review an
investigator's complete record of in-
vestigation. Therefore; the Grand Jury
Indictment "Proceeding" was tainted.

(1)(c) Although the investiga-
tor had been to petitioner's home twice
and was greeted friendly; after an
indictment was handed down, a
SWAT team, complete with shot guns,
SKI Mast, ect... converged on pe-
titioner's home like mad terrorist,
beating on the doors and windows.
When Petitioner and girlfriend unlocked
door they were roughly thrown on the
floor; even though they were not
dressed. Petitioner was handcuffed,
allowed to put on a pair of pants and
then taken to jail. When Petitioner
ask the investigator why they sent
a SWAT team to arrest him the
answer was, Quote, "Come on
Norm, you have been in prison for

attempted murder and for armed
Robbery; we have to consider you a
very dangerous man;" end of Quote.
Because the Criminal Record is not
correct; Petitioner suffered an un-
due Excessive force Arrest; in
violation of the Constitution. There
is no doubt that the effects of the
Excessive force arrest; what followed
in its wake was worse.

(1)(d). The bond was set
higher because of the wrong Crim-
inal history Report — unfair;

(1)(e) The trial Judge's
Power of Discretion was contam-
inated; believing that petitioner had
been in prison for attempted mur-
der in La. and armed Robbery in
Miss.

(1)(f.) The worst that petitioner
Suffered due to the incorrect Criminal
history was at the Pre-trial Date (or
the "Plea bargain Date"). On that date
Petitioner was told by his Hired Attorney
[Gail Dickinson] that the best deal
the D.A. would make [with me] was
for six (6) years; but at least it would
not be a sex offense. Gail Dickinson
told Petitioner that the D.A. would not
go lower because I had served three
(3) years for attempted Murder in
LA. (1978-81) and seven years and
eight months for armed Robbery in
Miss.. For a while the only Response

petitioner could get from attorney
GAIL DICKENSON was laughter when
he told her that he was framed
on those charges and they were
not supposed to ever be used against
him. After a long arguement, pe-
titioner and attorney went to the
Court House where attorney discussed
the "priors" with the D.A. phone
calls were made. after a while
attorney came back and told "Pe-
titioner" that the D.A. could not
use the attempted Murder charge
against me and offered me a
five year sentence, but would not
go any lower due to the time
spent in prison in Miss. for Armed
Robbery. It is constitutionally pro-
hibited to use that "conviction" a-
gainst me because it was Re-
versed and Rendered because the
evidence did not support the con-
viction. Petitioner has a Right to
be sentenced on correct informantion;
even at a plea bargain date. So
that proceeding was contaminated
by a disRegard to my constitutional
Rights.
        (Ground two(2). Petitioner was in-
formed by attorney GAIL DICKINSON on
or around March 11, 1996 that the
indictment was dismissed. Therefore
Judge Hereford did not have the
jurisdiction to proceed with one trial
that a different Judge had ordered

the indictment dismissed. All of these Records are in the case action Summars. Look at March 1996.

Ground three (3)    The Jury verdict was ambiguous. Petitioner had a three (3) count indictment. The Jury came back with a verdict of guilty for count two (2) and count three (3) - unless the charge of second Degree Rape was a lesser included offense of count one (1) which was first degree Rape. The sentence Represents exactly why the indictment was ordered dismissed. The facts could not support a conviction for second degree Rape and first degree Sodomy at the same time. while these are two distinct crimes; the only, the only way for a Jury to determine a "degree of the offense" in the case at hand was to look at the record (the evidence) before the incident of Sexual conduct and after the incident; that would suggest the first degree Sodomy charge is ambiguous with the second degree Rape.

Ground four (4) The ambiguous sentence is indicitive that the Judge failed in his Duty to properly instruct the Jury. The Judge caused a Reversable error by discharging the trial

Jury before haveing the Jury correct the ambiguous Sentence

<u>Ground five (5)</u> Judge Hereford. denied petitioner effective assistence of counsel; when attorney Gail Dickinson had al-Ready perfected appeal; transcripts had been prepared by the court Reporter and all that was left was to file a brief; the trial Judge acted in violation of the constitution when the trial at-torney for petitioner wanted to be paid for filing the Appeal Brief; but Judge Hereford order her withdrawn from the case; Rather. then allow her to proceed at an indigent status or appoint a different attorney to file the brief. Judge Hereford knew that it was in violation to allow the first appeal to die the way he did.

<u>Ground Six (6)</u> Petitioner was taken before the bench a-gain on or about Sept. 2, 2002 and was Sentenced again. After the Rendition of the Judgement and Sentence; petitioner expressed a desire for a hearing;— and appeal; attorney (at) the judge told petitioner ("NO") on that date. It violated my Rights to Counsel, what-ever excuse the Judge USED for me being before the bench with out

Legal Representation. Sept. 2, 2002; when the petitioner made an [oral] pronouncement before the bench; would be the correct day to LOG the DATE for the (Second) Notice of Appeal.

After not hearing anything from an attorney; petitioner filed a written Notice of Appeal; although this written notice was delayed by more than the 42 day Requirement of the Ala. Rules; the actual "appeal Notice DATE" should have been when petitioner was before the bench on Sept. 2, 2002. This oral Notice of appeal was effectively "hid" from the Criminal Court of Appeals; Ala., and this appeal attempt was dismissed as untimely filed. So again; Petitioner was denied Counsel and even insult to injury the Judge and the Clerk effectively hid the correct entry Date for the Second attempt to appeal judgement and sentence.

<u>Ground Seven (7)</u> The sentence in absentia violates the Alabama Rules as well as the Federal Rules that prohibit a sentence in Absentia. For the sentence in absentia to fall under the prior decisions of the Ala. Supreme court is the same as saying that if a petitioner is (possible) present when a jury is sworn in or is told when a trial date is; as in the case at hand; that would mean

petitioner had reached a "judge-ment" of guilt" in his trial (before an absense was taken by the petitioner). Does that make sense? Petitioner was not present at any prior trial proceeding that would indicate guilt and also petitioner pled NOT Guilty.

Ground (8) Eight    because petitioner can show that prejudice Re-sulted by the trial judges insistence to proceed in absentia; the judgement should not stand. The records at Ventress Correctional facility proclaim that petitioner is a "repeat Sex" offender with a sentence date in 1996 for Second degree Rape and a sentence in 2002 for first degree Sodomy. Although it is unusual petitioner has included copies of the "time sheet" issued by the A.D.O.C. so that the Middle District Court will better understand this in-justice to petitioner. The records indicate that petitioner began serving a sentence for second degree Rape and first degree Sodomy in 1996. Al-though there was some attempt to correct this injustice the fact re-mains that the judge did not order any stay of the sentence in 1996 and then when petitioner was sentenced again in 2002; the trial judge has done no more to correct this in-justice then to "cover his tracks"

by insisting that petitioner is denied the transcripts and records, and thus not able to bring his "story" to a higher court for review. Judge Hereford did not expect the A.D.O.C. to provide me with the tools necessary to prove that a terrible injustice is being done to me and I deserve Relief.

Ground nine (9)    Judge Hereford insisted that my trial begin on or about April 20, 1996, without me being present. The trial Judge abused his discretion to proceed.

(9)(a) Attorney Gail Dickinson told Petitioner on or around April 15th, 1996 that she was not prepared for any trial.

(9)(b) That the indictment had not been corrected or amended.

(9)(c) That new evidence had been presented by the D.A. and it might be of benifit to me but it would require some time to invest-igate.

(9)(D) That the judge had set a frivolous trial date for April 16 or 17, 1996 that was rediculous be-case another trial was in progress that would probably take more then a week to settle.

(9)(E) The Judge was well aware that petitioner had been incarcerated before and

that those places and even the Coun-
ty jail had my next of KIN's address;
my Mother, Rev. Vaycie W. Audrey, my
Sister Brenda Woodburn, and my
Sister Tina Samples - EWER; logged
where I was incarcerated before.
Each of those three Ladies are pre-
pared to swear that there was
never an attempt to locate or
notify me of a court date. Not
once. Petitioner believes that is
Outragious. The court has a duty to notify!
        (9)(f) The Judge did not
inquire once about me being hearing
impaired or suffering from anxiety
attacks.

        Ground Ten (10)   The P.S.I.
was not correct. Petitioner filed a
notice with the trial court all the
way back in 2003, (Feb. or March)
and proceeded to bring that issue
to the trial Judge, the trial attorney
and the D.A. in the form of letters,
motions and request for the record.
Petitioner was denied a hearing and
to this day has been denied a
copy of the P.S.I.   Petitioner
would point out that any attempt
by the Judge or the state to dis-
claim that he did not use the P.S.I.
or was influenced by it would be
invalidated because along with the
Judgement and sentence the
trial court also forwarded to the

A.D.O.C. an uncorrected P.S.I. that violated Constitutional Due Process and in fact; because the trial court still Refuses to provide petitioner with the trial and Sentence records, the A.D.O.C is still using the incorrect information at the progress Review each year.

(Note) a copy of the progress Reviews are being included and I would ask the Middle District court to Notice that (1) petitioner is a victom to this day by the contents of the P.S.I.

(2) Progress Review states that there IS a P.S.I. in his records.

(3) Progress Review Refers to petitioner as a Repeat Sex offender

(4) Progress Review Refers to an assault charge in La. 1976. This was a misdimeanor where petitioner was not represented by Counsel. (Due Process VIOLATION?) (Denied Counsel) (5) Miss. 1985 Conviction for Armed Robbery. This charge was Reversed and Rendered by the Miss. Supreme Court where it was held that the evidence failed to support the conviction. Cited in (Miss) 612 So. 2d. 333. (GANGT V. MISS) The prejudice of this incorrect P.S.I. The fact that this is a serious violation of Constitulional protections.

the State has Refused to accept
Responsibility to correct this in-
justice and has left petitioner
in prison for more then two
and a half years after the motion
of ERROR was filed is outragious
and enough to order that petitioner
is released from prison without
bond while a proper indictment is
made and a court date is set
within a fast and fair time.

Ground eleven (11)  Petition er
began a trial in La. in 1978 for At-
tempted Murder.  Petitioner was
in Court and the trial judge ex-
plained everything that was going
on. He also Explained that when
that first name was drawn from
the box there was no turning back.
My trial had begun. On that date
in 1978, in Plaquemines Parish, LA
a bunch of names were drawn, the
judge even told me to review the
list with my attornys and if there
was a problem with any of those
names, drawn to let him know
Right then and he would consider
putting another persons name
from the box.   On the day those
people were summoned to court
my trial counsel asked to be
withdraw n from the case because there
was a conflict of interest, Although

the judge turned purple he allowed
the attorney to withdraw and told
all the people selected for jury duty
that there presense would not be
necessary because the case was de-
clared a mistrial and they were
all excused. My point is that
without even one question to the
prospective jurors, my trial was
started and finished; it started when
that first name was drew from the
box and I was present.
        As the Supreme Court Judge
in Miss. points out (Pittman, Justice for
the court) Although his first trial
was declared a Mistrial....
(petitioner went on with two more
trials before being released)
It is important that at all three of
these trials petitioner was present
at each proceeding when the first
name was drawn from the box; At
each trial the judge did not fail
to explain what was going on. That
when the first name was drawn
from the box, my trial had begun.
        It is also important to point out
that, during my first trial no jury
had been selected, only the names
to select the jury from were drawn,
it was a week later and those peo-
ple; my prospective jurors were
in court, and for reasons I do

not understand to this day. A mistrial was declared and all the people were released from jury duty. Again a trial was declared a mistrial without a selection of a jury. Petitioner went on with two more trials. Each time Petitioner was present in Court (with my attorney) when the peoples names were drawn from the box for jury duty.

My point is: after four trials I was well aware of when my trial began. When that first name was drawn from the box for jury duty; and I believe that is in the spirit of what the United States Supreme C. would claim is the beginning of my trial. When that first name is drawn.

For the case at hand; petitioner was not present when that first name was drawn from the box. A trial in absentia can not stand if the accused was not present at the beginning of his trial. The case at hand must be or at least I, Norman Gang, ask; that the conviction is reversed with instruction that Judge Hereford is to step down and a different judge will handle any and all proceedings from here on out.

Ground (12) twelve:     Petitioner was not aware of how a group was summoned for his trial for jury duty. On April 15 1996. Because petitioner was not called to court to witness the names drawn from "the box" petitioner thought the people in the court room were being called to serve on a grand jury. Petitioner was sentenced to a total of twenty (20) years; without the benifit of good time and will surly see the end of his life in prison. Petitioner should have been accorded a more regular sequence of jury selection before a trial was allowed to proceed that left in it's wake a sentence more severe than most convicted felons in Alabama would endure with a "life" sentence.

Ground (13) thirteen     After two appeals dismissed (one in 1997, and one in 2003) through no fault of petitior. After court denied hearing on "motion of Error" filed on 2/26/2003 or about then, and after two motions for the records of CC-95-100 and repeated request to all the different state officials for records without results for more then two years and six months [(2½) years] all state remedies are exhausted.