IN the United States District Court for the Middle District of Alabama

RECEIVED 2005 SEP -8 A 9:33

Norman Clark Gangl, 149515
   Petitioner

V.

J.C. Giles, Warden, et al.,
   Respondents

Civil Action No.
2:05-CV-786-T
(WO)

"Petitioner Objections to Recommendations of the Magistrate Judge.

While Gangl is Greatful that the Magistrate concludes that a "Hearing is Appropriate";

Gangl objects to the transfer of this case to the Northern District Court of Alabama, and prays the Middle District Court of Alabama will allow a hearing on why this case should not be transfered till after the Magistrate Judge Conducts an "Evidentiary Hearing" and submits to a Judge of the Middle District Court proposed findings of fact and Recommendations for the Disposition, by a Middle District Judge, Consistent to 28 USC 636(b)(1)(emphasis supplied)... Subsections (b)(1)(A) authorizies Magistrates to "hear and determine any pretrial matter" except certain pretrial matters none of which includes voluntairiness of Plea: Even

Page 1

specified matters may be referred to a magistrate for findings of fact and Recommendations" under (b)(1)(B) for final deposition by a Judge.

Because the Constitutional deprevations to Gangl are undisputable

1.) INEFFECTIVE ASSISTANCE of Counsel.

(a) by failure to file an appeal brief after perfecting appeal and noting Errors for the Ala Criminal Court of Appeals to Review.

(b) by failure to investigate the charge of armed Robbery (1985 miss) so that it was not used as a tool against Gangl at every proceeding (expressly) the "Plea Bargain Day" Procedure and incorrect PSI which led to an illegal sentence.

2.) The Sentence in Absentia that violates Due Process.

3.) Because a trial in Absentia can not "Stand" if defendant was not present at the start of the trial. Gangl was NOT Present at the start of his trial. Violates Due Process.

4.) Because Judge Hereford held a trial in which the INDICTMENT had been dismissed and not ever corrected a month earlier.

Page 2

There is No Doubt that Relief is in order for Norman Clark (Gangl).

Gangl presents incredable circumstances — Due to the fact that, prior to the case at hand Gangl was forced to endure (12) years of harsh imprisonment for crimes that he was Not Guilty of, two and a half (2½) years in Pointe-a-la-Hache Prison, in Plaquemines Parish, La. for a charge of attempted Murder, and seven years (7) and eight (8) months at Parchman Correctional Facility in Miss. for armed Robbery. Although Gangl was Not guilty of either of these crimes and they were both finalized due to constitutional protections, Gangl has none the less been a victiom because every proceedings during the case at hand was contaminated due to these prior charges.

Because Remedy for deprivation of Right to effective assistance of Counsel should be tailored to injury suffered from constitutional violation

where Gangl Rejected the offer of 6 years imprisonment for charges that he was told by his Counsel are Not "per se" Sexual Offenses and that with good time he would be Released from prison in (18) Eighteen

Page 3

months. The fact Remains that the D.A. Refused to consider a plea bargain on anything less because of the Armed Robbery conviction in Miss. As Gangl has pointed out, if Counsel would have done her "homework" and properly and effectively investigated the Miss. charge she would've discovered that it was not correct for the D.A. to assess that charge against Gangl and ~~miles~~ minus the deficient preformance in investigating the Miss. Armed Robbery Conviction it is Reasonable to assume a different outcome of the Plea Bargain Proceedure.

also
Because when Judge Hereford Refused to even allow a hearing after Gangl filed a Notice of Error concerning the inaccurate PSI., when a trial Judge refuses to correct a wrong that he allowed to happen a certain Presumption of malice manifest.

For that Reason Gangl would ask the district court to look at <u>Turner v Tenn</u> (state) cite as 858 F2d 1201 (6th Cir 1988), where Remedy was Reinstatement of original plea bargain.

In Gangl, the original plea bargain was six years and was not a charge for which Gangl would have to

Page 4

Register as a Sex offender. Gangi maintains he is innocent of a Sexual Offense felony and could prove it at trial. Anyway, because the original plea agreement was for (6) six years for a "non sex charge", with the illegal use of the prior armed Robbery conviction removed it is reasonable that the D.A. will offer a plea bargain of less than before. Even if he did not, Gangi has already served twice the amount of time that he would've served with a sentence of six (6) years or less.

That is why Gangi objects to the transfer of this case to a different District. It is Gangi's belief that he should be accorded a proper hearing and a final disposition in the Middle District because the standard of proof offered to support the cause and prejudice suffered is within the bosom of the Middle District Court. (See the Annual Progress Review)[5]

Gangi would also cite the <u>United States v. Goodwin</u> 457 US at 383, 102 SCt at 2494. "... a finding of vendictiveness in this situation and demands application of a Rebuttable presumption of vendictiveness to any plea offer made by the state in excess of its previous offer on the eve of the first trial."

Page 5

Although it was the D.A. that insisted on using the Armed Robbery Case in Miss. to stand by an offer of Six years and no less, it was was just as much counsel for petitioner's fault that the Constitutionally prohibited case was being used as a tool for a harsher sentence.

Angyl would show the adverse affect by citing <u>Strickland v. Washington</u> 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) Decision: Two part test of effective assistance of counsel held (1) reasonably effective assistance, and (2) Reasonably probability of different Result with effective assistance.

Remove the Armed Robbery Charge which is what would've happened if Counsel would have properly Reviewed the Miss Charge and an Error by Counsel is would leave a different outcome in its wake. In other words it can [Not] be said that the professionally unreasonable conduct by Counsel in [Not] investigating the Miss Charge did [Not] have an effect on the judgement. C.F. <u>United States v. Morrison</u>, 449 U.S. 361, 364-365, 66 L.Ed.2d 564, 101 S.Ct. 665 (1981).

The purpose of the (6) Sixth Amend. Guarantee of counsel is to ensure [466 US 692] that a defendant has the assistance necessary to justify reliance on the outcome of the proceedings. Accordingly, and deficien-

Page 6

cies in Counsels preformance must be prejudicial to the defense in order to constitute ineffective assistance under the constitution.

[22] In certain Sixth Amendment context, prejudice is presumed. Actual or constructive denial of the assistance of Counsel altogether is legally presumed to Result in prejudice. So are various kinds of State interference with Counsel's assistance. See United States v. Cronic, ante at 659 and n.25 80 LEd2d 257, 104 SCt 2039. Prejudice in these Circumstances is so likely that a case by case inquiry into prejudice is not worth the cost. ante, at 658 80 LEd2d 657, 104 SCt 2039. Moreover, such circumstance involve impairments of the Sixth Amendment Right that are easy to identify and for that Reason and because the prosecution is directly Responsible, easy for the government to prevent

II [30] .. (Strickland 80 LEd 2d page 699) ..poe the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose Result is being challenged.

In Gang the proceedings to be challenged are (1) the dismissed Indictment and a trial that followed (2) The contaminated plea bargain das (3) the PSI and Sentence in absentia (4) the trial in absenty & (5) Counsel's failure to file appeal brief.

Page 7

<u>Strickland</u> [33] ...An ineffectiveness claim however, as our articulation of the standards that govern decision of such claims makes clear, is an attack on the fundamental fairness of the proceeding whose Result is challenged. Sense fundamental fairness is the central concern of the writ of Habeas Corpus, see id [466 US 698] at 126 No special standards ought to apply to ineffectiveness claims made in habeas proceedings.

## Conclusion

Gang will point out - once again - that the A.D.O.C. use of the P.S.I. that was furnished by the St. Clair (Divisicu at Pell City) Circuit Court, Al., along with the Judgement and sentence are above and beyond the standard of proof to support my claims. That is the standard of Proof Required to support the ineffective assistance of counsel at the plea Bargain Day Proceeding and at the sentence. Failure of the Court also proqves a certain malice - that is failure to correct the P.S.I. especially after Gang filed a Notice of Error and showed Judge Hereford and the state that the PSI was not accurate. Note the Miss Armed Robbery Conviction (1985)

Gangl suffered because his attorney failed to file a brief. Sending the P.S.I. to the A.D.O.C. uncorrected is all the proof necessary that Gangl suffered an illegal sentence, thus Cause and Prejudice. It is well established see (Crosby Supra) that a trial in absentia can not stand if the defendant was not present at the beginning of the trial, Gangl was not present at the beginning of the trial.

The only fair remedy for all involved is that Gangl is ~~ordered released~~ ordered Released and that the state allows a Return to the Plea bargain Table but with a Requirement not to exceed the Last offer before trial.

I Norman Gangl swear under the Rules of perjury that what I have just wrote in the "Objection" herein is all true to the best of my knowledge.

The Date is Sept 5, 2005

Signed: Norman Gangl

Norman Gangl 149515
Dorm 11   Ventress Corr.
PO Box 767
Clayton, Al 36016

Page 9